Affirmed and Memorandum Opinion filed August 12, 2004









Affirmed and Memorandum Opinion filed August 12, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01091-CR

_______________

 

RONALD SHELBY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                                

On
Appeal from the 12th District Court

Walker County, Texas

Trial
Court Cause No. 21,054

                                                                                                                                                

 

M E M O R A N D U M  
O P I N I O N

 

Ronald
Shelby appeals a conviction for possession of a deadly weapon in a penal
institution[1]
on various grounds.  We affirm.








                                                      Sufficiency
of the Evidence

Appellant=s first and second issues challenge
the legal and factual insufficiency of the evidence to prove that the piece of
metal found in his cell was either manifestly designed, or intended to be used,
to cause death or serious bodily injury, so as to constitute a deadly
weapon.  See Tex. Pen. Code Ann. ' 1.07(a)(17) (Vernon Supp. 2004).

In
a legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict to determine whether a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Ross v. State, 133 S.W.3d 618, 620 (Tex. Crim. App. 2004).  In a factual sufficiency review, we view all
of the evidence in a neutral light and will set aside the verdict only if the
evidence is so weak that the verdict is clearly wrong and manifestly unjust, or
the contrary evidence is so strong that the standard of proof beyond a
reasonable doubt could not have been met. 
Ross, 133 S.W.3d at 620.

In
this case, the alleged deadly weapon was a slender metal welding rod with a
sharpened point, described during the trial as a Ashank.@ 
Lieutenant Roberts, an eighteen-year correctional officer, testified
that he had seen 50 to 200 such objects that inmates had fabricated in the
preceding two years.  He opined without
objection that, in his experience, the shank was manifestly designed or adapted
to cause serious bodily injury or death and that in the manner of its use or
intended use was capable of causing serious bodily injury or death.  He further stated that he had seen inmates
use such weapons on three different occasions and had also seen someone killed
with an instrument like this one.  This
evidence is legally sufficient to prove that the shank was a deadly weapon.








Appellant
claims that the evidence showed he used the shank to get a prison officer in
trouble and thus refutes that its purpose was to cause injury or death.  However, to whatever extent any evidence
supports this contention, the fact that appellant=s possession of a shank could get an
officer in trouble would, if anything, support its character as a deadly
weapon.  Moreover, any such evidence does
not rebut the abundant undisputed evidence that appellant was in possession of
an object commonly made and used by prison inmates to cause injury and
death.  Therefore, his first two points
of error fail to show that the evidence was legally or factually insufficient
to prove that the shank was a deadly weapon and are overruled.

                                                     Motion
to Exclude Witness

Appellant=s third, fourth, and fifth issues
contend that the trial court erred by denying his motion to exclude the
testimony of Daniel Davis, a key State witness, because the State=s untimely disclosure of Davis
violated the trial court=s discovery order, denied appellant adequate time to prepare
for cross-examination, and violated appellant=s right to confrontation.

Although
evidence willfully withheld from disclosure under a discovery order should be
excluded at trial, exclusion is not warranted where there is no evidence of
willfulness or the requested information was revealed in time for the defendant
to use it on cross-examination of the State=s witness.  Jackson v. State, 17 S.W.3d 664, 673 (Tex. Crim. App. 2000).








In
this case, the trial court=s discovery order did not impose a deadline on the State to
designate its witnesses.  The State
supplemented its witness list to name Davis immediately upon realizing his
existence and four days before trial. 
The record reflects that appellant=s counsel cross-examined Davis
effectively concerning his potential bias and motivation to testify for the
State.  Appellant did not develop a
record of why the available time was not adequate[2]
or how additional time would have enabled him to impeach Davis more
effectively.  Under these circumstances,
it was within the trial court=s discretion to deny appellant=s motion to exclude Davis=s testimony, and appellant=s third, fourth, and fifth issues are
overruled.

                                                        Motion
for Continuance

Appellant=s sixth and seventh issues assert
that the trial court abused its discretion by denying his oral motion for
continuance to investigate and impeach Davis after he had already
testified.  However, such a motion for
continuance, that is not in writing and sworn, preserves nothing for our
review.   See Tex. Code Crim. Proc. Ann. arts. 29.03,
29.08 (Vernon 1989); Dewberry v. State, 4 S.W.3d 735, 755-56 (Tex. Crim. App. 1999).[3]
Accordingly, appellant=s sixth and seventh issues are overruled.

                                                          Exclusion
of Evidence

Appellant=s eighth, ninth, and tenth issues
argue that the trial court abused its discretion by not allowing him to testify
about the use of force and injuries he suffered in prison in 1999 to support
his defensive theory that the shank was planted in his cell by guards to
discredit him as a witness in a civil rights action brought by another inmate
or in the event he asserted such a lawsuit himself.

Evidentiary
rulings are reviewed for abuse of discretion. 
Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App.
2004).  Evidence is relevant if it has
any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.  Tex. R. Evid. 401.








In this case, appellant admitted
that none of the guards involved in the present facts, including the one who
allegedly planted the shank, were involved in the civil rights action.  Moreover, appellant has not shown that any of
the guards involved in this case had anything to do with the alleged incident
in 1999.  Under these circumstances, it
was within the trial court=s discretion to conclude that the excluded evidence
was not relevant in this case. 
Accordingly, we overrule appellant=s
eighth, ninth, and tenth issues and affirm the judgment of the trial court.

 

 

_____________________________

Richard H. Edelman

Justice

 

 

Judgment rendered
and Memorandum Opinion filed August 12, 2004.

Panel consists of
Justices Fowler, Edelman, and Elliott.[4]

Do not publish C Tex.
R. App. P. 47.2(b).

 











[1]           See
Tex. Pen. Code Ann. ' 46.10(a)(2) (Vernon 2003).  A jury found appellant guilty and sentenced
him to ten years confinement.





[2]           The
day after Davis testified, appellant requested a continuance to investigate
whether Davis had perjured himself by testifying that he had not worn a wire
for the State before.  However, this
request was based on information that another inmate, Bolton, had provided to
appellant a week before trial. Nevertheless, appellant waited to subpoena the
Office of Inspector General (AOIG@), for whom Davis had reportedly worn a wire, until
after Davis testified; and when appellant called Bolton as a defense witness,
he elicited no testimony that Davis had previously worn a wire for OIG.





[3]           To
whatever extent a trial court has equitable power to grant an oral, unsworn
motion for continuance, as appellant contends, he cites no authority that
declining to exercise that power, in favor of adhering to the statutory
requirements to warrant a continuance, can be an abuse of discretion.





[4]           Hon.
Brady G. Elliott, Judge of the 268th District Court of Fort Bend County,
sitting by assignment.  See Tex. Gov=t Code Ann. ' 74.003(h) (Vernon Supp. 2004).